## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JAMES CHANEY, JR.                                                                                          PLAINTIFF
ADC #158270

v.                                            4:18-cv-00937-JM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction; *et al.*                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

James Chaney, Jr. ("Plaintiff") is a prisoner in the North Central Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. (Doc. No. 4.) After careful review, I find the Amended Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made sua sponte before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But, whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. PLAINTIFF'S COMPLAINT

In 2002, Plaintiff was released from prison in Vermont after serving time for an unspecified crime that required him to register as a sex offender. (Doc. No. 4.) Sometime later, Plaintiff moved to Arkansas. (*Id.*) In 2014, Plaintiff was convicted of failing to register in Arkansas as a sex offender and entering a school campus. *See* ADC website, https://apps.ark.org/inmate_info/index.php. He was sentenced, as a habitual offender, to ten years in prison. (*Id.*) At some point, the Arkansas Sex Offender Assessment Committee ("Committee") determined Plaintiff was a level 3 offender, which is the second highest risk level assessment.[1]

Plaintiff alleges the "reporting, registration, and restrictions" required by the Arkansas Sex

---

[1] Arkansas criminal courts must determine, at the time of conviction and sentencing, whether the defendant is required to register as a sex offender. Ark. Code Ann. § 12-12-906(a)(1). An individual who moves to Arkansas must register as a sex offender within seven calendar days of arrival if he or she "would be required to register as a sex offender in the jurisdiction in which he or she was adjudicated guilty or delinquent of a sex offense." *Id.* at § 906(a)(2)(A). Thereafter, the Arkansas Sex Offender Assessment Committee determines the probability that the convicted individual will "engage in future predatory sexual offenses," and assigns a risk level with 1 being the lowest and 4 being the highest risk. Ark. Code Ann. §12-12-922(a)(1); *see also* § 12-12-917.

Offender Registration Act, Ark. Code Ann. § 12-12-901 et seq., violate the *ex post facto*, bill of attainer, double jeopardy, cruel and unusual punishment, and due process clauses of the United States Constitution. (Doc. No. 4 at 7-10.) As relief, Plaintiff seeks an injunction ordering the "suspension" and "restructuring" of the Arkansas Sex Offender Registration Act. (*Id*. at 4.) Many of these constitutional challenges have already been rejected. *See Weems v. Little Rock Police Dept.*, 453 F.3d 1010 (8th Cir. 2006), *cert. denied* 550 U.S. 917 (2007) (holding the Arkansas Sex Offender Registration Act does not violate the *ex post facto*, intrastate travel, equal protection, substantive due process, or procedural due process clauses); *Parker v. Selig*, No. 4:13-cv-538-BRW, 2013 WL 12120264 (E.D. Ark. Nov. 14, 2013) (unpublished opinion) (holding the Arkansas Sex Offender Registration Act does not violate the bill of attainder clause). More importantly, success on the merits of these claims would necessarily imply the invalidity of Plaintiff's current conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1944). Thus, he cannot bring these claims in a § 1983 action, and instead, must raise them in his state criminal proceedings or in a federal habeas petition filed under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff also challenges the Committee's determination that he is a level 3 offender. Plaintiff contends the Committee's assessment process violates the due process clause because it "imbues the assessor with to [sic] much responsibilities and allows for the incorrect presentation of the offender's case to the Committee which holds the final decision."[2] (Doc. No. 4 at 8) As relief, Plaintiff seeks an injunction requiring his reassessment. (*Id.* at 6.) In *Weems,* the Eighth

---

[2] These claims are not barred by *Heck*, because Plaintiff's risk level was determined by the Committee, and not by the court during his criminal proceedings.

4

Circuit held the assessment process does not violate the due process clause because registrants can obtain judicial review of the Committee's determination through the Arkansas Administrative Procedures Act and seek reassessment by the Committee every five years. *Weems,* 453 F.3d at 1017-20 (citing Ark. Code Ann. §§ 12-12-917; 12-12-922; 25-15-212).

Plaintiff also makes the conclusory and factually unsupported allegation that an unspecified treatment program he must complete in prison prior to being considered for parole is "cruel and unusual punishment." (Doc. No. 4 at 9.) To state a plausible Eighth Amendment claim, Plaintiff must provide facts suggesting he "is incarcerated under conditions posing a substantial risk of serious harm" to his health or safety. *See Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017). Plaintiff has not provided any such facts. *See Iqbal*, 556 U.S. at 678 ("labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible § 1983 claim.) Instead, his only allegation is that the program is ineffective, which is not an Eighth Amendment violation.

Finally, it appears Plaintiff is arguing his constitutional rights are being violated because his classification as a level 3 offender is making it more difficult for him to obtain work release or parole. However, Plaintiff's claim was already dismissed during screening in *Chaney v. Hutchinson*, 4:18-cv-00478-BSM-JTK, and cannot be relitigated in a duplicative *in forma pauperis* action. *See Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (holding that dismissal without prejudice during § 1915 screening has a "res judicata effect" and precludes a prisoner from proceeding *in forma pauperis* on the same claim); *Cooper v. Delo*, 997 F.2d 376 (8th Cir. 1993) (same).

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. No. 4) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" under 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 21st day of February 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."